UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **LINDA ARMSTRONG-DEEBLE**, an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 2:24-cv-209 |
| v. | Judge: |
| **LEAH VALENTI**, Charlotte County Supervisor of Elections, | Mag. Judge: |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **LINDA ARMSTRONG-DEEBLE** ("**ARMSTRONG-DEEBLE**"), by and through undersigned counsel, and statess the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Rehabilitation Act (Rehab Act) for (1) unpaid overtime in violation of the FLSA, and (2) retaliation in violation of the FLSA, and (3) disability discrimination in violation of the Rehab Act.

1

## PARTIES

2. The Plaintiff, **LINDA ARMSTRONG-DEEBLE** ("**ARMSTRONG-DEEBLE**" or "Plaintiff") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and worked for the Defendant in Charlotte County, Florida. At all material times, **ARMSTRONG-DEEBLE** was employed by the Defendant as a finance manager and she was paid at the rate of $38.47 per hour. **ARMSTRONG-DEEBLE** began the flow of interstate commerce for by, *inter alia*, by using interstate wires to communicate, in addition to assisting the Defendant in supervising federal elections. **ARMSTRONG-DEEBLE** performed work in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **ARMSTRONG-DEEBLE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **LEAH VALENTI** ("**SOE**" or "Defendant") is the Supervisor of Elections for Charlotte County, Florida. **SOE** is a covered employer under the FLSA (Section 3(s)(1)(C)). **SOE**'s employees are engaged in interstate commerce as their duties in supervising federal elections. **SOE** collects monies, much of which is from out-of-state financial institutions, and its annual budget is in excess of $3.5 million. **SOE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **SOE** supervised and controlled Plaintiff's work schedules and conditions of employment, in

addition to determining the rate and method of payment for Plaintiff. **SOE** maintains employment records of Plaintiff. **SOE** was the employer of Plaintiff under the FLSA and under the Rehab Act, as **SOE** receives thousands of federal dollars.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **ARMSTRONG-DEEBLE** began her employment with the Defendant on or about July 5, 2016, and was employed as its Finance Manager.

7. **ARMSTRONG-DEEBLE** always performed her assigned duties in a professional manner and was very well qualified for her position.

**FLSA Violations**

8. **ARMSTRONG-DEEBLE** worked in excess of 40-hours per week nearly each week she was employed by the Defendant, averaging between 45 to 50-hours per week.

9. Because the Defendant is a public employer, it would sometimes compensate overtime for employees like **ARMSTRONG-DEEBLE** by providing "comp time" in lieu of cash payment of overtime wages owed. This is a practice whereby an employee is compensated by receiving paid time off (i.e. "comp time") for each overtime hour worked.

10. However, the Defendant often failed to provide either the cash payments or the comp time to **ARMSTRONG-DEEBLE** and other employees.

11. **ARMSTRONG-DEEBLE** objected to this (including in the weeks leading to her termination, which occurred on or about December 20, 2023 and without the Defendant having properly compensated her for dozens of overtime hours.

12. The Defendant has thus violated the FLSA.

**Disability Discrimination**

13. Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

14. When **VALENTI** became the Supervisor of Elections, **ARMSTRONG-DEEBLE** informed her that she was a qualified person with a disability, to wit: cardio-pulmonary and vascular impairments.

15. **ARMSTRONG-DEEBLE** requested reasonable accommodations (including, but not limited to, additional time to travel within the office and to have her office be ion the first floor since the Defendant's workplace was two story and did not have an elevator available to her) because her disability interferes with her ability to perform the major life activity of moving.

16. **ARMSTRONG-DEEBLE** requested those reasonable accommodations (including in the weeks leading up to her termination), but the request was ignored.

17. Instead, the Defendant mocked her (calling her "ole Linda") and criticized her for not moving quickly enough through the office.

18. The Defendant then terminated her employment on December 20, 2023.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

19. The Plaintiff hereby incorporates Paragraphs 1-12 in this Count as though fully set forth herein.

20. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

5

21. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

22. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation.

23. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

24. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

25. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

26. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

27. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION

28. Plaintiff incorporates by reference Paragraphs 1-12 of this Complaint as though fully set forth below.

29. At all material times, **ARMSTRONG-DEEBLE** was an employee and Defendant was her employer, and a covered employer under the FLSA.

30. **ARMSTRONG-DEEBLE** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by not paying her wages.

31. Defendant was aware of **ARMSTRONG-DEEBLE**'s objection to Defendant's violations of the FLSA.

32. Defendant subjected **ARMSTRONG-DEEBLE** to adverse employment action by terminating **ARMSTRONG-DEEBLE**.

33. Defendant, in subjecting **ARMSTRONG-DEEBLE** to adverse employment action, retaliated and discriminated against her because of complaints, objections and concerns raised by her to Defendant.

34. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **ARMSTRONG-DEEBLE** has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

35. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ARMSTRONG-DEEBLE** is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

**COUNT III – VIOLATION OF THE REHAB ACT, AS AMENDED**

36. Plaintiff incorporates by reference Paragraphs 1-7 and 13-18 of this Complaint as though fully set forth below.

37. At all relevant times, **ARMSTRONG-DEEBLE** was an individual with a disability within the meaning of the Rehab Act.

38. Specifically, **ARMSTRONG-DEEBLE** has physical impairments that substantially limit one or more of her major life activities and bodily functions, has

a record of the impairment, and is regarded by the Defendant as having such impairments.

39. **ARMSTRONG-DEEBLE** is a qualified individual with disabilities as that term is defined in the Rehab Act.

40. **ARMSTRONG-DEEBLE** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

41. At all material times, **ARMSTRONG-DEEBLE** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

42. The Defendant was made aware and was aware of **ARMSTRONG-DEEBLE**'s disabilities, which qualify under the Rehab Act.

43. The Defendant discriminated against **ARMSTRONG-DEEBLE** with respect to her terms, conditions, and privileges of employment solely because of her disabilities by terminating her employment.

44. The Defendant conducted itself with malice or with reckless indifference to **ARMSTRONG-DEEBLE**'s federally protected rights.

45. The Defendant has discriminated against **ARMSTRONG-DEEBLE** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

46. The conduct of the Defendant altered the terms and conditions of **ARMSTRONG-DEEBLE**'s employment and **ARMSTRONG-DEEBLE** suffered negative employment action.

47. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **ARMSTRONG-DEEBLE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

48. As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ARMSTRONG-DEEBLE** is entitled to all relief necessary to make her whole.

49. As a direct and proximate result of the Defendant's actions, **ARMSTRONG-DEEBLE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained

her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 7, 2024  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com